**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

LAZY E ARENA, et al.,                    )
                                          )
             Plaintiffs,                  )
                                          )
vs.                                       )        Case No. CIV-05-126-F
                                          )
EXPRESS SPORTS, LLC, et al.,              )
                                          )
             Defendants.                  )

## ORDER

The plaintiffs, Lazy E Arena, Inc. ("Lazy E") and E.K. Gaylord II, commenced this action against Express Sports, LLC ("Express Sports"), Professional Bull Riders, Inc. ("PBR"), and CBF Enterprises, LLC ("CBF"), alleging cyberpiracy, federal trademark infringement and dilution, unfair competition, and deceptive trade practices. The plaintiffs also seek to invalidate and cancel certain trademarks registered to PBR. In response, the defendants assert counterclaims for deceptive trade practices, "passing off," breach of contract, and unjust enrichment.

Before the Court is the plaintiffs' motion to dismiss the defendants' counterclaims (docket entry no. 30). The matter has been fully briefed, and after careful consideration of the parties' submissions, the court makes its determination.

### Legal Standards

There is a powerful presumption against dismissal pursuant Rule 12(b)(6) of the Federal Rules of Civil Procedure. <u>Cayman Exploration Corp. v. United Gas Pipe Line Co.</u>, 873 F.2d 1357, 1359 (10th Cir.1989). Dismissal for failure to state a

claim is improper unless it appears beyond doubt that the non-moving party can prove no set of facts that would entitle him to relief.  Perington Wholesale, Inc. v. Burger King Corp., 631 F.2d 1369, 1372 (10th Cir. 1979) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  In reviewing a Rule 12(b)(6) motion, the court must accept as true all well-pleaded facts and must view those facts and all reasonable inferences arising therefrom in the light most favorable to the non-moving party.  See  Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996).  Thus, the issue is not whether the non-movant will ultimately prevail at trial, but whether his allegations are legally sufficient to state a claim for relief.  Sutton v. Utah State Sch. for Deaf and Blind, 173 F.3d 1226, 1236 (10th Cir. 1999).

Because a Rule 12(b)(6) motion tests only whether a claim has been adequately pleaded, the court's inquiry is ordinarily limited to the content of the complaint.  MacArthur v. San Juan County, 309 F.3d 1216, 1221 (10th Cir. 2002) cert. denied, 539 U.S. 902 (2003).  However, the court can consider maters incorporated by reference or integral to the claim, such as items subject to judicial notice, matters of public record, and exhibits attached to the complaint whose authenticity is unquestioned.  GFF Corp. v. Associated Wholesale Grocers Inc., 130 F.3d 1381, 1384-85 (10th Cir. 1997).  Consideration of such material does not convert a Rule 12(b)(6) motion into a motion for summary judgment.  Id.

I.  Counterclaims Asserted on Behalf of CBF

In their response to the plaintiffs' motion to dismiss, the defendants have admitted that CBF has no valid counterclaims of its own against the plaintiffs. Thus, to the extent the Defendants' First Amended Counterclaims and Answer asserts counterclaims against the plaintiffs on behalf of CBF, those counterclaims should be dismissed.  For the sake of convenience, the court will hereinafter refer to Express Sports and PBR together as "the defendants."

2

II.  Breach of Contract Counterclaims

The defendants allege that the plaintiffs breached certain agreements under which PBR and Lazy E were to co-promote Bud Light Cup Series bull riding events. The defendants contend that the plaintiffs, by branding those events exclusively as BULLNANZA, breached the agreements' requirement that the events be "branded" in a manner consistent with other PBR events, as well as the agreements' express and implied covenants of good faith and fair dealing. The defendants failed to attach copies of the agreements to their pleading. The plaintiffs, arguing that the agreements are integral to the breach of contract counterclaims, have submitted copies of the agreements as exhibits to their motion to dismiss. The defendants do not dispute their authenticity, and the court finds that the documents should be considered. See GFF Corp., 130 F.3d at 1384-85

At the outset, the plaintiffs point to the fact that the defendants' breach of contract counterclaims arise from agreements to which Express Sports was not a party. As the defendants have alleged no basis for asserting breach of contract claims on behalf of Express Sports, any such counterclaims brought on behalf of Express Sports should be dismissed. The plaintiffs further argue that PBR's counterclaim for breach of contract fails to state a claim on which relief can be granted. They maintain that the co-promotion agreements did not require them to brand the bull riding events as anything other than BULLNANZA. A review of the agreements reveals no provision specifically addressing the "branding" of the Bud Light Cup Series/BULLNANZA events. The agreements do address promotion of the events and provide that "[t]he parties will communicate and cooperate in good faith with respect to placement of signage and other amenities" (Exhibits A and B to motion to dismiss at ¶ B.5). The agreements also provide that "LEA and PBR will work together in good faith to ensure a consistent product as part of the Bud Light Cup Series"(Exhibits A and B to motion to dismiss at ¶ C.1);

that "LEA will accommodate PBR in implementing the Bud Light Cup logo on all promotional material"(Exhibits A and B to motion to dismiss at ¶ C.7); and that "LEA will also ensure that the PBR logo is properly located on all promotional material" (Id.).  Finally, at least one of the agreements provides that both parties shall exercise "the utmost good faith in order to avoid unnecessarily interfering with the operations of the other" (Exhibit B to motion to dismiss at ¶ E.5).  PBR alleges that the plaintiffs breached these provisions.

While it is not entirely clear what PBR means when it refers to "branding," it is clear that the agreements indicated that the Bud Light Cup Series bull riding events would be promoted in such a way as to "properly" recognize PBR.  Having accepted PBR's well-pleaded facts as true, and having viewed those facts and the inferences arising therefrom in the light most favorable to it, the court cannot conclude that PBR can prove no set of facts that would entitle it to relief on its breach of contract claim

The plaintiffs also argue that PBR's breach of contract claim must be dismissed to the extent that it seeks damages for any alleged breach of the express and implied covenants of good faith and fair dealing attending the agreements.  The co-promotion agreements are replete with express provisions requiring that the parties cooperate in good faith.  PBR's counterclaim based on the plaintiffs' alleged violation of those express covenants is sufficient to survive the plaintiffs' Rule 12(b)(6) motion.  Moreover, because the agreements expressly require the parties to cooperate in good faith, PBR's counterclaim for breach of implied covenants of good faith does not appear to "override express contract terms obligate [Lazy E] to accept additional terms or a material change in the contract's terms."  See Walker v. First Nat'l Bank, 2005 U.S. App. LEXIS 5446 (10th Cir. 2005) (The plaintiffs have attached a copy of this unpublished opinion to their

motion to dismiss as Exhibit C.).   Thus, the plaintiffs' motion to dismiss PBR's breach of contract counterclaim  must be denied.

III.  Plaintiffs' Use of the Registered BULLNANZA Mark

The plaintiffs contend that all of the defendants' counterclaims are based in part on the plaintiffs' use of the BULLNANZA mark and should, therefore, be dismissed for failure to state a claim.   In particular, the plaintiffs challenge the defendants' claim to an ownership interest in the mark asserted in connection with their "passing off" counterclaims.   The plaintiffs maintain that they are the exclusive owners of the BULLNANZA mark and have at all times retained control over it.   The plaintiffs' control over the BULLNANZA mark is a matter factually disputed by the defendants' counterclaims and is not a proper basis for a Rule 12(b)(6) motion.   The plaintiffs submit that their ownership of the mark is conclusively established by public records in the United States Patent and Trademark Office database.   The court has taken judicial notice of the records and notes that they establish Mr. Gaylord to be the record owner of the BULLNANZA trademark.   The records additionally appear to establish that the mark has become "incontestable" under the provisions of the Lanham Act, 15 U.S.C. §§1051-1127. See  15 U.S.C. §1065.

Under the Lanham Act, the registration of a trademark which has become incontestable serves as conclusive evidence of the registrant's exclusive right to use the mark.   14 U.S.C. §1115(b).   However, certain "defenses and defects" to incontestability status are set forth in the Act.   15 U.S.C. §1115(b)(1)-(8).   The defendants cite one of those defects in support of their claim to an equitable interest in the BULLNANZA mark.   The defendants contend that the plaintiffs used the BULLNANZA mark "so as to misrepresent the source of the goods or services on or in connection with which the mark was used." See 15 U.S.C. §1115(b)(3).   The plaintiffs argue that this provision merely provides a defense to

an alleged trademark infringer and that the defendants are attempting to employ it in an impermissible offensive manner.  The defendants, however, maintain that they are simply using the provision to strip away from the BULLNANZA mark its cloak of incontestability so as to establish their "passing off" counterclaim which arises under 15 U.S.C. §1125(a)(1).  They claim the BULLNANZA mark has become so conflated with PBR and its professional bull riders that use of the mark necessarily creates marketplace confusion.

It is too early in the litigation to conclude that the defendants' "stripping away" theory of §1115(b)(3) cannot be supported.  A 12(b)(6) motion is not properly granted to screen out claims that have little likelihood of success on the merits.  See  MacArthur, 309 F.3d at 1221; see also Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982).  Furthermore, dismissal is particularly unsuited for novel claims as "it is important that new legal theories be explored and assayed in the light of actual facts rather than a pleader's suppositions."  5B C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* §1357 at 690-92 (2d ed. 1983). The plaintiffs' motion to dismiss the defendants' counterclaims to the extent they are based upon the plaintiffs' use of the BULLNANZA mark must be denied.

IV.  Plaintiffs' Alleged Use of PBR's Registered Marks

PBR asserts that is the owner of certain marks registered with the United States Patent and Trademark office.  Those marks are PROFESSIONAL BULL RIDERS, PRO BULL RIDER, and PBR.  The defendants allege that the plaintiffs, in their printed advertisements and other promotional materials, caused confusion with respect to those trademarks.  As an example of the alleged infringement, the defendants' counterclaim cites one of the plaintiffs' advertisements which states: "See why BULLNANZA is the most recognized name in professional bull riding

for the 17th year in a row."  The defendants argue that the term "professional bull riding" as used by the plaintiffs, was "confusingly similar" to PBR's trademarks and that use of the "misleading phrase enhanced the perception that Plaintiffs were still affiliated with the PBR."  Defendants' First Amended Counterclaim and Answer to First Amended Complaint at ¶ 50. The plaintiffs respond that the counterclaims,  to the extent they are based on the alleged violation of PBR's marks, fail to state a claim. They contend that their employment of such terms as "professional bull riding" was merely descriptive of their bull riding events and that the fair use doctrine protects such descriptive uses.

Fair use is a statutory and common law defense.  See New Kids on the Block v. News America Publishing, 971 F.2d 302, 308 at fn. 6 (9th Cir. 1992) (discussing the history of the fair use doctrine in American trademark and copyright law). Under the Lanham Act, the fair use defense is available even where a registered mark has become technically incontestable.  See 15 U.S.C. §1115(b)(4).  A party asserting a fair use defense bears the burden of establishing that his use of the "name, term or device charged to be an infringement is a use, otherwise than as a trade or service mark, ... of a term or device which is descriptive of and used fairly and in good faith only to describe to users the goods or services of such party, or their geographic origin."  See 15 U.S.C. §1115(b)(4).  Furthermore, although the United States Supreme Court recently clarified that a party asserting a fair use defense does not have an independent duty to negate the likelihood of marketplace confusion, it concluded that such confusion is a relevant factor in determining whether a given use is "fair."  See KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc., 125 S.Ct. 542 (2004).

Balancing such factors as fairness, good faith, and likelihood of confusion requires the court to go well beyond the four corners of the pleading setting forth

the defendants' counterclaims. While the example of alleged infringement to which the defendants point in their counterclaim appears to be a non-trademark, descriptive use of the phrase "professional bull riding," the plaintiffs' good faith and the likelihood of substantial marketplace confusion are not matters properly resolved on a on a 12(b)(6) motion. Viewing all well-pleaded facts and inferences in the light most favorable to the defendants, the court concludes that dismissal under Rule 12(b)(6) is not appropriate.

Conclusion

For the foregoing reasons the court finds that the plaintiffs' motion to dismiss should be **GRANTED** with respect to any counterclaims asserted on behalf of defendant CBF.   Additionally, the motion to dismiss should be **GRANTED** with respect to the breach of contract claims asserted on behalf of defendant Express Sports.  In all other respects, the motion to dismiss should be and hereby is **DENIED**.

IT IS SO ORDERED this 16th day of August, 2005.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

05-0126p007(pub).wpd